977 F.2d 586
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Arnold MITCHELL, Appellant,
v.
UNITED STATES of America, Appellee.
 No. 91-3745.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 3, 1992.
Filed: October 15, 1992.
 
 Before JOHN R. GIBSON, FAGG, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Arnold Mitchell appeals from the denial of his motion under 28 U.S.C. § 2255 to vacate his conviction. He argues that after the review by the magistrate judge and the filing of the magistrate judge's report and recommendation, the district court erred in that there was no de novo review, and in refusing to grant a hearing. We affirm.
 
 
 2
 Mitchell was convicted of conspiracy to distribute cocaine in violation of 21 U.S.C. § 841(a)(1), sentenced to twenty years imprisonment, and this court affirmed. United States v. Macklin, 902 F.2d 1320 (8th Cir. 1990). Mitchell filed this Section 2255 motion to vacate the conviction, raising the ground of ineffective assistance of counsel. He claimed that counsel failed to review the presentence report and that the report contained various errors, including a miscalculation of the quantity of the cocaine involved. The matter was referred to a magistrate judge, who recommended dismissal without an evidentiary hearing. Mitchell filed an extensive objection to the report and recommendation. The district court entered an order in which it "sustained, adopted and incorporated" the report and recommendation of the magistrate judge, and denied the motion. The order of the district court did not state whether it had considered Mitchell's objections, or that it had reviewed the matter de novo.
 
 
 3
 Mitchell argues on appeal that the district court violated his due process rights in failing to make a de novo review of the magistrate's report and recommendations. He argues that the district court did not comment on his objections to the report, and that his earlier statements contesting the government's response to show cause orders were not the subject of comment. He states that there were various contested factual matters, and that a hearing is required for full development of the record. He specifically points to a question left undetermined by the magistrate with respect to his complaint about the quantity of cocaine. He argued that the Presentence Report stated that the quantity involved was 50-65 kilos, whereas the trial record reflected that it was 45 or less.
 
 
 4
 The magistrate judge held no hearing and reviewed this case on the basis of the record before him. Thus, the case differs from that of a number of decisions in which this court has remanded because the record was not clear that the district judge had conducted a de novo review by specifically reviewing a transcript or listening to a tape of the hearing before the magistrate. In this case, there was no such hearing. Under such circumstances recently in United States v. Hamell, 931 F.2d 466 (8th Cir. 1991), we stated that the fact that the order did not affirmatively state that the district court had read the transcript or conducted a de novo review was not sufficient to require remand where a transcript of the motion to suppress, which was an issue in that case, was available. We stated:
 
 
 5
 To hold that this case must be remanded solely because the district court did not specifically state that it had done a complete de novo review would, in effect, create a presumption that the district judge acted improperly. Such a presumption would clearly be improper and we decline to reach a decision that will result in its creation. Rather, we hold that the rule is that where an objecting party is able to make a prima facie case that there was not a de novo review, the onus shifts to the other party to show that there was a complete review. However, where there is no indication that the review failed to comply with the statute, this court will not presume error. Rather, in the absence of any evidence to the contrary, we presume that the review was done properly and affirm the district court's approval of the magistrate's recommendation.
 
 
 6
 931 F.2d at 468.
 
 
 7
 The situation before us is the same. Mitchell has not made a prima facie showing that there was not a de novo review. Even though the report and recommendation left open the question of quantity of cocaine, the record consisting of the Presentence Report, the transcript of sentencing and the proceedings at trial, were all available to and within the knowledge of the district judge, who presided over the trial and sentencing as well as this Section 2255 proceeding. We cannot presume that he failed to perform his statutory duty in this case on the record before us.
 
 
 8
 Further, there was no error in refusing a hearing. See Eighth Cir. R. 47B.
 
 
 9
 We affirm the judgment of the district court.